IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STERLING G. HIGASHI,           )      CIVIL 16-00368 LEK-RLP
                               )
          Appellant,           )
                               )
     vs.                       )
                               )
HALE TAKAZAWA,                 )
                               )
          Appellee.            )
_____)

**ORDER AFFIRMING THE BANKRUPTCY COURT'S FINDINGS
OF FACT AND CONCLUSIONS OF LAW AND THE JUDGMENT**

On July 5, 2016, Appellant Sterling G. Higashi

("Appellant") appealed from the bankruptcy court's Findings of

Fact and Conclusions of Law ("FOF/COL"), issued on June 7, 2016,

and the Judgment, issued on June 21, 2016, in Adversary

Proceeding Number 15-90033 ("Adversary Proceeding").  The

bankruptcy court filed the Certificate of Readiness on August 29,

2016.  [Dkt. no. 3.]  On October 28, 2016, Appellant filed his

opening brief, and on October 31, 2016, Appellant filed an errata

to his opening brief (collectively "Appellant's Brief").  [Dkt.

nos. 13, 15.]  On November 16, 2016, Appellee Hale Takazawa

("Appellee") filed his responsive brief ("Appellee's Brief").[1]

_____

[1] On November 30, 2016, Appellant filed an Appendix to
Opening Brief Filed October 28, 2016 ("Appellant's Appendix").
[Dkt. no. 19.]  Appellant's Appendix was filed in response to
Appellee's Brief, wherein Appellee noted that Appellant's counsel
violated numerous Local Rules and Fed. R. of Bankr. P.  See
Appellee's Brief at 8-9.  In the future, Appellant's counsel
would be well-served by reviewing the relevant rules prior to
                                          (continued...)

[Dkt. no. 17.]  Appellant filed his reply brief on November 30, 2016.  [Dkt. no. 21.]  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  In an Entering Order filed on March 30, 2017 ("3/30/17 EO"), the Court denied the appeal and affirmed the decisions and judgment of the bankruptcy court.  [Dkt. no. 27.]  The instant Order supersedes the 3/30/17 EO.  The bankruptcy court's FOF/COL and Judgment are affirmed for the reasons set forth below.

## BACKGROUND

The following facts are undisputed.  The adversary proceeding took place on May 24 to 26, 2016.  [FOF/COL at 1.[2]]  In January 2010, Halawa Pacific sold a commercial property in Aiea, Hawai`i ("the Property") to Active Sportswear, Inc. ("Active").  [Id. at 2.]  Appellant had leased space at the Property since 2006 for his company, Electric Vehicle Technologies, LLC ("EVT").  When Active purchased the Property, EVT was $90,000 behind on rent.  In March 2010, Active informed

---

[1](...continued)
filing any document with the Court.

[2] The Notice of Appeal and Statement of Election ("Notice of Appeal"), [filed 7/5/16 (dkt. no. 1),] includes a copy of the Judgment [dkt. no. 1-1 at pgs. 1-2].  A copy of the FOF/COL is included as Appendix 5 to Appellee's Appendix to Responsive Brief ("Appellee's Appendix").  [Filed 11/16/16 (dkt. no. 17).]

EVT that, if EVT did not become current on its rent, Active would terminate the lease. [Id.] On March 31, 2010, Appellant met with Active, and he: "agreed that EVT would immediately pay the rent for February, March, and April 2010, pay its current rent for subsequent months in a timely manner, and pay off the delinquent rent for months prior to February 2010 in 24 monthly installments of $4,000 each, beginning on September 15, 2015." [Id. at 2-3.] In addition, Appellant agreed that he and his wife, Victoria Higashi, would sign a promissory note for $95,269.60, "evidencing the agreement."[3] Active "insisted that Mrs. Higashi sign the note because she held title to the residence in which Mr. and Mrs. Higashi lived." [Id. at 3.]

Appellant delivered the signed Promissory Note to Active on April 8, 2010. However, Mrs. Higashi never signed the Promissory Note. In the Adversary Proceeding, the bankruptcy court found:

> The signature was undoubtedly forged, and [Appellant] is the only remotely plausible suspect. He, and only he, had the motive to do so. Unless he produced his wife's signature on the promissory note, EVT would have been evicted and he would have been out of business. He also had the opportunity to do so; he had access to numerous examples of his wife's signature which he could have copied. Further, the numerous contradictions in his sworn testimony and discovery responses make it difficult to give full credence to his trial testimony.

---

[3] The promissory note was effective as of April 7, 2010 ("Promissory Note"). See Appellee's Appendix, App. 8.

3

[Id. at 4.]

Thereafter: EVT failed to pay the May 2010 rent; Active terminated EVT's lease and took possession of the rental space on May 25, 2010; Active assigned the Promissory Note to Appellee;[4] and, on June 28, 2011, Appellee demanded payment on the Promissory Note. [Id. at 6.] In response to Appellee's payment demand, Mrs. Higashi informed Appellee's attorney that she did not sign the Promissory Note. Appellee sought relief in state court, where the judge found that Mrs. Higashi had not signed the Promissory Note. [Id.] Appellant and Appellee were able to reach a settlement agreement in the state court proceeding, which, inter alia, dismissed the complaint against Mrs. Higashi with prejudice and included a "stipulated judgment against [Appellant] and EVT on the promissory note" ("State Court Settlement").[5] [Id. at 6-7.]

The bankruptcy court concluded that the debt Appellant owed on the Promissory Note was not dischargeable, pursuant to 11

---

[4] Active assigned the Promissory Note because Appellee was the head of Halawa Pacific when most of the debt accrued. [FOF/COL at 6.]

[5] The State Court Settlement is Appendix 10 to Appellee's Appendix. In addition, Appellee submitted the Stipulated Final Judgment Against Sterling G. Higashi and Electric Vehicle Technologies LLC ("State Court Judgment"), which entered judgment for $179,987.69, plus interest, in favor of Appellee and against Mr. Higashi and EVT, based upon the Promissory Note. [Appellee's App., App. 11.]

U.S.C. § 523(a)(2)(A).  [Id. at 7-11.]  In addition, the
bankruptcy court rejected Appellant's duress argument and his
contention that the debt owed was misstated in the Promissory
Note.  [Id. at 11-12.]  Finally, the bankruptcy court concluded
that the State Court Settlement did not bar Appellee from seeking
to prevent discharge of the debt owed on the Promissory Note.
[Id. at 12-13.]

### STANDARD

This Court has stated:

> This court reviews a bankruptcy
> court's findings of fact for clear error
> and its conclusions of law de novo.  See
> In re Kimura (United States v. Battley),
> 969 F.2d 806, 810 (9th Cir. 1992) ("The
> Court reviews the bankruptcy court's
> findings of fact under the clearly
> erroneous standard and its conclusions
> of law de novo.").  The court "must
> accept the Bankruptcy Court's findings
> of fact, unless the court is left with
> the definite and firm conviction that a
> mistake has been committed.  Mixed
> questions of law and fact are reviewed
> de novo."  In re JTS Corp., 617 F.3d
> 1102, 1109 (9th Cir. 2010) (quotation
> marks and citations omitted).

In re Lee, CIVIL NO. 15-00278 SOM/RLP, 2015 WL
7274035, at *1 (D. Hawai`i Nov. 17, 2015).  The
United States Supreme Court has stated:

> [a] finding is 'clearly erroneous' when
> although there is evidence to support
> it, the reviewing court on the entire
> evidence is left with the definite and
> firm conviction that a mistake has been
> committed.  This standard plainly does
> not entitle a reviewing court to reverse
> the finding of the trier of fact simply

5

> because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Fed. R. Civ. P. 52(a) if it undertakes to duplicate the role of the lower court. In applying the clearly erroneous standard . . . , [reviewing] courts must constantly have in mind that their function is not to decided factual issues de novo. If the [lower] court's account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985) (some alterations in Anderson) (citations and some internal quotation marks omitted). The standards described in Anderson apply when a district court reviews the factual findings of a bankruptcy court. See, e.g., Ingram v. Burchard, 482 B.R. 313, 322 (N.D. Cal. 2012); In re Daewoo Motor Am., Inc., 471 B.R. 721, 732 (C.D. Cal. 2012), aff'd, 554 Fed. Appx. 638 (9th Cir. 2014); In re Folsom, Civil No. 10CV2440 L(NLS), 2011 WL 3489681, at *1 (S.D. Cal Aug. 8, 2011), aff'd sub nom., Folsom v. Davis, 513 Fed. Appx. 651 (9th Cir. 2013).

Sebetich v. Woods (In re Woods), CIVIL 15-00233 LEK-BMK, 2016 WL 8710426, at *4-5 (D. Hawai`i Jan. 29, 2016) (alterations in In re Woods).

6

## DISCUSSION

### I.    Issues on Appeal

The Notice of Appeal purports to challenge the:
(1) Judgment entered pursuant to the FOF/COL; (2) Order Denying
Defendant's Motion to Dismiss Complaint; (3) Memorandum of
Decision on Defendant's Motion for Summary Judgment; (4) Order
Denying Motion to Disqualify Plaintiff's Attorney; (5) Order
Granting Plaintiff's Motion for Summary Judgment on the
Counterclaim; and (6) Order Granting Plaintiff's Motion for
Partial Summary Judgment as to Specified Defenses.[6]  See Notice
of Appeal at 1.  While Appellant's Brief mentions these rulings,
see Appellant's Brief at 4-9, it only presents argument on the
FOF/COL, see, e.g., id. at 15 ("Plaintiff failed to prove by a
preponderance of the evidence the 4th and 5th elements of the
proof required under § 523(a)(2) of the Bankruptcy Code in order
to hold a debt 'non-dischargeable'").  Pursuant to Fed. R. Bankr.
P. 8014(a), an appellant's brief must contain, *inter alia*,

> (5) a statement of the issues presented and, for
> each one, a concise statement of the applicable
> standard of appellate review;
>
> (6) a concise statement of the case setting out
> the facts relevant to the issues submitted for

---

[6] Appellant appears to argue about a bill of costs filed
after the Judgment was entered by the bankruptcy court.  See
Appellant's Brief at 7-9.  This issue is being addressed by a
separate case before this Court.  See Higashi v. Takazawa, CV 16-
00479 LEK-RLP.  Accordingly, the Court will not consider any
issues related to a bill of costs in this case.

review, describing the relevant procedural
history, and identifying the rulings presented for
review, with appropriate references to the record;

(7) a summary of the argument, which must contain
a succinct, clear, and accurate statement of the
arguments made in the body of the brief, and which
must not merely repeat the argument headings;
[and]

(8) the argument, which must contain appellant's
contentions and the reasons for them, with
citations to the authorities and parts of the
record on which the appellant relies[.]

See also Lumetta v. Arborlake Homeowners Ass'n, Case No.:

16cv1817-AJB (JLB), 2017 WL 1967327, at *5 (S.D. Cal. May 12,

2017) (stating that, because many of the appellant's arguments in

the opening brief did not comply with Rule 8014(a), the district

court deemed them waived); In re Sedwick, 560 B.R. 786, 791-92

(C.D. Cal. 2016) ("Appellant identifies six issues for

consideration in this Appeal.  Nevertheless, many of the issues

overlap significantly, and Appellant has not directly addressed

all of the issues in his Opening or Reply briefs.  Accordingly,

the Court will not individually discuss all six issues."

(citation and footnote omitted)); Viola v. Kirsch, Case No. 16-

cv-02006-EMC, 2016 WL 4011314, at *4 (N.D. Cal. July 27, 2016)

(finding an appellant's challenge to the bankruptcy court's

orders frivolous because, in part, the appellant's "opening brief

does not contain any substantive argument as to why the

bankruptcy court's orders were improper").  Accordingly, the

8

Court will only consider Appellant's challenge to the FOF/COL,
and any other appeal of a bankruptcy court order is deemed
waived.

## II.  **Appellant's Challenge to the FOF/COL**

Section 523(a)(2) states that an individual may not
discharge debt

> for money, property, services, or an extension,
> renewal, or refinancing of credit, to the extent
> obtained by–
>
> > (A) false pretenses, a false representation,
> > or actual fraud, other than a statement
> > respecting the debtor's or an insider's
> > financial condition;
> >
> > (B) use of a statement in writing–
> >
> > > (i) that is materially false;
> > >
> > > (ii) respecting the debtor's or an
> > > insider's financial condition;
> > >
> > > (iii) on which the creditor to whom the
> > > debtor is liable for such money,
> > > property, services, or credit reasonably
> > > relied; and
> > >
> > > (iv) that the debtor caused to be made
> > > or published with intent to deceive[.]

The Ninth Circuit has explained that "[a] finding of whether a
requisite element of a section 523(a)(2)(A) claim is present is a
factual determination reviewed for clear error." Anastas v. Am.
Sav. Bank (In re Anastas), 94 F.3d 1280, 1283 (9th Cir. 1996)
(citing Runnion v. Pedrazzini (In re Pedrazzini), 644 F.2d 756,
757 (9th Cir. 1981)).  Both parties agree that, in order to

prevail under § 523(a)(2)(A), Appellee must show:

> (1) misrepresentation, fraudulent omission or
> deceptive conduct by the debtor; (2) knowledge of
> the falsity or deceptiveness of his statement or
> conduct; (3) an intent to deceive; (4) justifiable
> reliance by the creditor on the debtor's statement
> or conduct; and (5) damage to the creditor
> proximately caused by its reliance on the debtor's
> statement or conduct.

See Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 35 (B.A.P.

9th Cir. 2009) (citation and internal quotation marks omitted).

Appellant only challenges the bankruptcy court's findings as to

numbers four and five, and does not challenge the bankruptcy

court's finding that Mr. Higashi forged his wife's signature.

See Appellant's Brief at 15.  Any argument on the other elements

of dischargeability under § 523(a)(2)(A) is therefore waived.

See, e.g., Nauman v. Kotoshirodo (In re Nauman), Civil No. 10-

00414 JMS/KSC, 2011 WL 240804, at *4 (D. Hawai`i Jan. 21, 2011)

("This court is sitting as an appeals court reviewing the

bankruptcy court's determination.  'The decision of the

bankruptcy judge is reviewable by an Article III judge only by an

appeal governed by the same rules applicable to appeals taken to

the courts of appeals from the district courts.'" (quoting In re

Mankin, 823 F.2d 1296, 1305 (9th Cir. 1987)));[7] see

also Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) ("We will

---

[7] In re Mankin was overruled on other grounds by Executive
Benefits Insurance Agency v. Arkison (In re Bellingham Insurance
Agency, Inc.), 702 F.3d 553 (9th Cir. 2012).

not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." (citation omitted)).

A.   **Justifiable Reliance**

Appellant makes a number of arguments about the fourth element – justifiable reliance – many of which are very convoluted and difficult to understand.  First, Appellant argues that the bankruptcy court's finding that, "if Mrs. Higashi had signed the promissory note, Mr. Takazawa probably could have recovered his entire claim," [FOF/COL at 7,] is clear error because at the time the Promissory Note was signed Mrs. Higashi only owned one property, not all three of the properties mentioned in the Adversary Proceeding.  [Appellant's Brief at 21-22.]  Appellant also asserts that "it cannot be said that the Plaintiff 'justifiably relied' on [Mrs. Higashi's] signature because she had ownership interest in only the Lakeview condominium at the time the Promissory Note was executed and no other real property." [Id. at 22.]

Appellant evinces a fundamental misunderstanding of the FOF/COL.  The bankruptcy court found that, if Mrs. Higashi had signed the Promissory Note, she would have been a proper party to the Promissory Note.[8]  As such, when Mr. Higashi and EVT failed

---

[8] The Promissory Note states, in relevant part:

(continued...)

to make payments on the Promissory Note, Appellee could have

enforced the Promissory Note against both Mr. and Mrs. Higashi,

and reached any assets of which she was the sole owner.  When and

how these assets were acquired is not relevant.

Next, while not entirely clear, Appellant's argument

that Active could not have justifiably relied on the Promissory

Note is inapposite.  To support his position, Appellant cites,

*inter alia*, Field v. Mans, 516 U.S. 59 (1995), see Appellant's

Brief at 24, where the Supreme Court held that justifiable

reliance as stated in § 523(a)(2)(A) "adopt[ed] a common-law

understanding of the term[]" and explained:

> The Restatement expounds upon justifiable
> reliance by explaining that a person is justified
> in relying on a representation of fact "although
> he might have ascertained the falsity of the

---

[8](...continued)
> This Note is made by Maker in partial payment of
> the delinquent rent owed to Landlord pursuant to
> the August 11, 2006 Lease, as amended by the
> April 1, 2008 First Amendment to Lease (as
> amended, the "Lease"), between the predecessor of
> Landlord and Electric Vehicle Technologies, LLC,
> for the Bay 5 and Bay 6 premises at 99-1374 Koaha
> Place, Aiea Hawaii (the "Premises").  Maker
> Sterling G. Higashi is the principal of Electric
> Vehicle Technologies, LLC and is the guarantor of
> the obligations of tenant under the Lease.  Maker
> Victoria X.L. Higashi is the spouse of Sterling G.
> Higashi and holds title to their residence at 801
> Ala Nioi Way, PH #5, Aiea, Hawaii.

[Promissory Note at 1.]  No one disputes that, at the time the
Promissory Note was created, Mrs. Higashi owned the Aiea property
mentioned therein.  Appellant sometimes refers to the Aiea
property as the "Lakeview property."  See *supra*.

12

representation had he made an investigation."
[Restatement (Second) of Torts (1976)], § 540.
Significantly for our purposes, the illustration
is given of a seller of land who says it is free
of encumbrances; according to the Restatement, a
buyer's reliance on this factual representation is
justifiable, even if he could have "walke[ed]
across the street to the office of the register of
deeds in the courthouse" and easily have learned
of an unsatisfied mortgage. Id., § 540,
Illustration 1. The point is otherwise made in a
later section noting that contributory negligence
is no bar to recovery because fraudulent
misrepresentation is an intentional tort. Here a
contrast between a justifiable and reasonable
reliance is clear: "Although the plaintiff's
reliance on the misrepresentation must be
justifiable . . . this does not mean that his
conduct must conform to the standard of the
reasonable man. Justification is a matter of the
qualities and characteristics of the particular
plaintiff, and the circumstances of the particular
case, rather than of the application of a
community standard of conduct to all cases." Id.,
§ 545A, Comment b. Justifiability is not without
some limits, however. As a comment to § 541
explains, a person is

> "required to use his senses, and cannot
> recover if he blindly relies upon a
> misrepresentation the falsity of which would
> be patent to him if he had utilized his
> opportunity to make a cursory examination or
> investigation. Thus, if one induces another
> to buy a horse by representing it to be
> sound, the purchaser cannot recover even
> thought the horse had but one eye, if the
> horse is shown to the purchaser before he
> buys it and the slightest inspection would
> have disclosed the defect. On the other
> hand, the rule stated in this Section applies
> only when the recipient of the
> misrepresentation is capable of appreciating
> its falsity at the time by the use of his
> senses. Thus a defect that any experienced
> horseman would at once recognize at first
> glance may not be patent to a person who has
> had no experience with horse." Id., § 541,

13

Comment a.

Field, 516 U.S. at 70-71 (alterations in Field).  Appellant has

provided no evidence that anything in the Promissory Note

provided a clear indication of a defect.  In short, nothing in

the Promissory Note revealed any false misrepresentation, there

was no duty to investigate the veracity of the Promissory Note,

and Appellee and his predecessor in interest justifiably relied

on the Promissory Note.[9]  The bankruptcy court's finding was not

─────────────────

[9] Appellant repeatedly cites Eugene Parks Law Corp. Defined
Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454 (9th
Cir. 1992).  See Appellant's Brief at 24-25; Reply at 6-7.  In
that case, the debtors borrowed money from their attorney Eugene
Parks's ("Parks") pension plan, secured the loan with a deed of
trust to a property that they owned, and represented that there
was only one encumbrance senior to the new debt.  In re Kirsh,
973 F.2d at 1456.  In reality, there were additional
encumbrances, the condominium was foreclosed upon, and the
pension plan did not receive any payment on the loan.  Id.  In a
subsequent bankruptcy proceeding, the debtors sought to discharge
the debt from the pension fund, and the Ninth Circuit held that:

> Parks was no ordinary person.  In fact, he was not
> even an ordinary attorney.  He had been practicing
> for twenty years and concentrated on business law.
> He was well aware of the fact that standard
> practice in California was for lenders to obtain
> title reports.  Lenders do not merely rely upon
> the representations of borrowers.  That is
> especially true when the lender knows that the
> borrower is having financial difficulties and does
> not always pay his bills in a timely fashion.  We
> recognize that Parks and Kirsh were very close
> friends, but that does not excuse Parks' throwing
> of all caution to the winds and relying on the
> Kirshes' word alone.  Obtaining a title report is
> a simple and not overly expensive proposition.  A
> person with Parks' knowledge, experience and
> competence should have ordered one. . . .

(continued...)

14

clearly erroneous.[10]

      Next, Appellant appears to argue that, because the
Promissory Note was not secured by one of the properties,
Appellees could not justifiably rely on it.  [Appellant's Brief
at 31.]  Appellant cites a number of cases about debts secured by

---

     [9](...continued)
           In short, given the facts of this case the
      bankruptcy court did not err when it found that
      Parks did not rely upon the Kirshes'
      representation within the meaning of section
      523(a)(2)(A).

Id. at 1461.  This case is easily distinguishable from the
instant proceeding.  The fraudulent act was not a representation
about the debt itself or anything concerning the content of the
Promissory Note – it was a forged signature.  Further, there was
**no reason** for Active to believe that Appellant forged his wife's
signature.  Moreover, Appellant did not provide a deed of trust
to any property that he or his wife owned, nor was he asked to do
so.

    [10] Appellant states that "the testimony of [Appellee] at the
trial conclusively showed he was not present at the time the
[Appellant] handed the Promissory Note to his attorney,
Mr. Sakimura.  Accordingly, there could not be a 'direct'
reliance on the part of the [Appellee] that Victoria sign[ed] the
Promissory Note."  [Appellant's Brief at 30.]  It is undisputed
that Active assigned its rights under the Promissory Note to
Appellee.  Insofar as Appellant challenges the assignment of the
Promissory Note, he does not have standing to do so.  See, e.g.,
Velasco v. Security Nat'l Mortg. Co., 823 F. Supp. 2d 1061, 1067
(D. Hawai`i 2011) (stating that, where the plaintiffs have not
shown that they are a party to the assignment nor intended
beneficiaries of the assignment contract, they are "strangers to
the [a]ssignment" and "may not dispute the validity of the
[a]ssignment." (citation omitted)); see also Fireman's Fund Ins.
Co. v. AIG Haw. Ins. Co., 109 Hawai`i 343, 349, 126 P.3d 386, 392
(2006) ("In general, an assignment operates to place the assignee
in the shoes of the assignor, and provides the assignee with the
same legal rights as the assignor had before assignment."
(emphases, alteration, citations, and internal quotation marks
omitted)).

real property.  See, e.g., Appellant's Brief at 32-34 (citing

United States v. Fullard-Leo, 156 F.2d 756 (9th Cir. 1946); City

& Cty. of Honolulu v. A.S. Clarke, Inc., 60 Haw. 40, 587 P.2d 294

(1978); Honolulu Mem'l v. City & Cty. of Honolulu, 50 Haw. 189,

436 P.2d 207 (1967)).  While there is a legal distinction between

a secured and an unsecured Promissory Note, Appellant cites no

authority to support the proposition that an unsecured promissory

note is not enforceable.  In fact:

> Under Hawaii law, "[t]he essential elements of a
> suit on a promissory note are: (1) the defendant
> is the maker of the note (e.g., signed the note);
> (2) the plaintiff is the owner and holder of the
> note (e.g., it is made payable to or has been
> endorsed to the plaintiff[)]; (3) the note is in
> default; and (4) the defendant owes a certain
> sum." Bank of Honolulu v. Anderson, 654 P.2d
> 1371, 1375 (Haw. App. 1982) (stating those
> elements for commercial paper).

Diamond Resort Haw. Corp. v. Bay West Kailua Bay, LLC, Cv. No.

10-00117 DAE-LEK, 2011 WL 776106, at *4 (D. Hawai`i Feb. 25,

2011) (some alterations in Diamond Resort).  In short, Appellee

did not claim a secured interest in Mrs. Higashi's property –

Appellee sought payment on the valid Promissory Note.

Consequently, Appellants argument regarding the need to secure

the Promissory Note is irrelevant to whether or not the debt on

the Promissory Note was dischargeable.[11]

---

[11] Appellant's argument regarding "lost equity" fails for
the same reason.  See Appellant's Brief at 35-37.

B.    **Other Arguments**

1.    **Preclusion**

Appellant contends that any mention of Mrs. Higashi is barred by claim preclusion or issue preclusion.  See, e.g., Appellant's Brief at 39 ("'claim preclusion' arguably still applies to [Mrs. Higashi] in the Adversary case as she is not the debtor against whom the Plaintiff is seeking to void the Defendant's debt as dischargeable"); id. at 41 ("If the claim preclusion defense is not viable, the 'issue preclusion' defense is").  Again, Appellant misses the mark.  The bankruptcy court was well aware that Mrs. Higashi was dismissed from the state court action, and that she was not part of the judgment issued against Mr. Higashi.  The issue in the Adversary Proceeding was whether or not the State Court Judgment could be discharged under federal bankruptcy law.  Because Mr. Higashi forged his wife's signature, the bankruptcy court found that the debt could not be discharged.  At no time did any party to the Adversary Proceeding argue that Mrs. Higashi was still a part of the proceeding or that the Promissory Note could be enforced against her.[12]  Any argument that Appellant makes to the contrary in an effort to

---

[12] Appellant's assertions regarding the indemnification provision of the State Court Settlement fail for the same reason. See Appellant's Brief at 37-38.

17

show clear error is simply not supported by the record.[13]

Further, as Appellee explains:

> [A]s a matter of law, the [s]tate [c]ourt
> [l]awsuit did not have any claim preclusive effect
> (res judicata) on the claim for non-
> dischargeability under Section 523(a)(2) of the
> Bankruptcy Code.  Moreover, as a matter of fact,
> the [s]tate [c]ourt [l]awsuit did not have any
> issue preclusive effect (collateral estoppel) on
> the issues of forgery, false pretense, false
> representation and fraud.  It is undisputed that
> those issues were not adjudicated in the [s]tate
> [c]ourt [l]awsuit.

[Appellee's Brief at 54 (emphases omitted).]  The Court agrees.

Further, the Supreme Court has explained that a settlement does

not rob a party of the ability to argue that a debt is not

dischargeable in the debtor's bankruptcy proceeding if "the

settlement debt arose out of false pretenses, a false

representation, or actual fraud."  Archer v. Warner, 538 U.S.

314, 323 (2003) (citation and internal quotation marks omitted);

see also Brown v. Felsen, 442 U.S. 127, 138-39 (1979) ("[W]e hold

that the bankruptcy court is not confined to a review of the

judgment and record in the prior state-court proceedings when

considering the dischargeability of respondent's debt.").

_____

[13] Appellant appears to connect this argument to his
position that "the alleged damage is illusory and non-compensable
under the law."  [Appellant's Brief at 35.]  This argument fails
for the same reasons the Court has already noted.  See *supra*
Section II.A.

## 2.   __Unconscionability__

Next, Appellant asserts that enforcement of the
Promissory Note is unconscionable.  [Appellant's Brief at 43-46.]
First, it is not clear from the record whether or not Appellant
raised this issue during the Adversary Proceeding, and it is
therefore unclear whether or not the Court may consider this
argument.  __See, e.g.__, __In re Nauman__, 2011 WL 240804, at *4.  In
addition, as Appellee points out, Appellant cannot cite to any
authority that applies a defense of unconscionability to a
dischargeability determination under § 523.  __See__ Appellee's Brief
at 50-51.

Even if the Court were to consider this argument, it
would not reverse the FOF/COL and Judgment.

> Unconscionability is a form of redress
> available when one party abuses a strong
> bargaining position to take advantage of the other
> party's weakness, ignorance, or distress.  To find
> a contract voidable on the grounds of
> unconscionability, most courts, including those in
> Hawaii, require a showing of both a procedural and
> a substantive element of unconscionability.  __Brown__
> __v. KFC Nat'l Mgmt. Co.__, 82 Hawai`i 226, 921 P.2d
> 146, 167 (1996) ("[A] contract . . . is
> unenforceable if two conditions are present:
> (1) the contract is the result of coercive
> bargaining between parties of unequal bargaining
> strength; and (2) the contract unfairly limits the
> obligations and liabilities of, or otherwise
> unfairly advantages, the stronger party.").  __See__
> __also__ __City and County of Honolulu v. Midkiff__, 62
> Haw. 411, 616 P.2d 213, 218 (1980); __Earl M.__
> __Jorgensen Co. v. Mark Constr., Inc.__, 56 Haw. 466,
> 540 P.2d 978, 984 (1975).  Thus, inequality in
> bargaining power alone will not render an
> arbitration agreement unconscionable.  __Gilmer v.__

19

<u>Interstate/Johnson Corp.</u>, 500 U.S. 20, 33, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991).

<u>Branco v. Norwest Bank of Minn., N.A.</u>, 381 F. Supp. 2d 1274, 1280 (D. Hawai`i 2005) (alterations in <u>Branco</u>).  Appellant cites to what he believes evinces unequal bargaining power, but even if this were true, he does not challenge the terms of the Promissory Note itself.  <u>See</u> Appellant's Brie at 43-46.  Accordingly, even if such a defense were available in this action, Appellant fails to show that the Promissory Note was unconscionable.

###### D.   **Equitable Powers**

Finally, Appellant argues that the Court may reverse the bankruptcy court's FOF/COL pursuant to its equitable powers.  <u>See</u> Appellant's Brief at 46-49.  11 U.S.C. § 105(a) provides that,

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Supreme Court, however, has "long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." <u>Law v. Siegel</u>, 134 S. Ct. 1188, 1194-95 (2014) (some citations omitted) (quoting <u>Norwest Bank Worthington v. Ahlers</u>, 485 U.S. 197, 206, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988)).  Section

20

523(a)(2) specifically states that certain debts, like the one at issue here, are non-dischargeable.

Further, Appellant is not entitled to equitable relief. The bankruptcy court found that Appellant forged his wife's signature on the Promissory Note, and Active had no way of knowing about the forged signature until Mrs. Higashi told it as much. Appellant does not dispute this finding. Section 105(a) is simply inapplicable here.

In sum, Appellant has not shown clear error, and the Court therefore affirms the FOF/COL and the Judgment.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Appellant Sterling G. Higashi's Notice of Appeal and Statement of Election, filed July 5, 2016, are HEREBY DENIED and the FOF/COL, issued on June 7, 2016, and the Judgment, issued on June 21, 2016, in Adversary Proceeding Number 15-90033, is HEREBY AFFIRMED. There being no remaining claims in this matter, the Court DIRECTS the Clerk's Office to enter final judgment and close the case on **August 9, 2017**, unless Appellant files a motion for reconsideration of this Order by **August 7, 2017**.

IT IS SO ORDERED.

21

DATED AT HONOLULU, HAWAII, July 19, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STERLING G. HIGASHI VS. HALE TAKAZAWA; CIVIL 16-00368 LEK-RLP; ORDER AFFIRMING THE BANKRUPTCY COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND THE JUDGMENT**